```
                     United States District Court
                       District of Massachusetts
 _____
                               )
Steven Andrew Higgins;         )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    17-12150-NMG
State Street Corporation;      )
                               )
        Defendant.             )
                               )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves allegations of Steven Andrew Higgins ("Higgins" or "plaintiff"), proceeding pro se, against State Street Corporation ("State Street" or "defendant"). Higgins asserts that State Street 1) violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. and 2) unlawfully discriminated against him based on age in violation of M.G.L. c. 151B § 4.

Defendant moves to dismiss the complaint.

I. **Background**

Higgins is 63 years old and has more than four decades of experience working in the financial sector. He holds an MBA in finance and accounting and multiple professional certifications and licenses. He applied for jobs with State Street 14 times

- 1 -

prior to January, 2015, and twice more in 2015. Higgins sought positions as a Senior Audit Manager and Senior Auditor but did not receive an invitation to interview for either job. He alleges that State Street knew he was older than 40 years of age based on the information contained in his resume.

In November, 2015, plaintiff filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"). That complaint was dismissed in October, 2017 and Higgins then filed this suit in November, 2017. Pending before the Court is defendant's motion to dismiss.

## II. Analysis

Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F.Supp.2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable

inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F.Supp.2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

### A. Timeliness

Plaintiff concedes, as he must, that any claims related to the 14 applications prior to January 17, 2015, are time-barred. See 29 U.S.C. § 626(d)(1)(B); M.G.L. c. 151B, § 5. Accordingly, only the two 2015 applications are actionable in this case.

### B. Age discrimination standard

Under both state and federal law, it is an unlawful practice for a private sector employer to discharge an employee because of his age or gender. 29 U.S.C. § 621 et seq.; M.G.L. c. 151B § 4; 42 U.S.C. § 2000e et seq.; M.G.L. c. 151B § 4.

To establish a prima facie case of discrimination, a plaintiff must demonstrate that

> (1) [he is] a member of a protected class; (2) [he is] qualified for [his] job; (3) [he] suffer[ed] an adverse employment action at the hands of [his] employer; and (4) [there is] some evidence of a causal connection between [his] membership in a protected class and the adverse employment action.

Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 313 (1st Cir. 2016) (quoting Bhatti v. Trs. of Bos. Univ., 659 F.3d 64, 70 (1st Cir. 2011)); Knight v. Avon Products, Inc., 438 Mass. 413, 423 (2003) (requiring a "logical connection between each element of the prima facie case and the illegal discrimination") (quoting O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 311-312 (1996)). Although an employee "need not plead facts sufficient to establish a prima facia case," at the motion to dismiss stage, he must plead enough facts to make entitlement to relief plausible. Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013).

**C. Age discrimination analysis**

Accepting the plaintiff's allegations as true, he has asserted that he was a member of a protected class (because he is over the age of 40), was qualified for the job (by virtue of his credentials and experience) and suffered an adverse employment action (because he was not hired). He alleges no facts, however, demonstrating a causal connection between his

age and State Street's decision not to interview him. Accordingly, he fails to allege a plausible claim for relief.

Higgins does not claim that State Street hired a younger person with equal or lesser qualifications to fill the positions for which he applied. He does not allege that any State Street employee or agent said or did anything to indicate that defendant discriminated against him based on age. In short, although plaintiff provides his speculative conclusion that State Street based its decisions on his age, he alleges no plausible facts from which a fact-finder could infer that age discrimination occurred.

"It is not enough" to allege that the plaintiff is a member of a protected class and was subject to an adverse employment action. Alicea v. N. Am. Cent. Sch. Bus, LLC, 232 F. Supp. 3d 213, 215 (D. Mass. 2017). Plaintiff protests that defendant has failed to serve the discovery that he believes would demonstrate State Street's discriminatory decision-making. Without a complaint that states a claim that is plausible on its face, however, he is not entitled to such discovery. The mere fact that an older employee was not hired does not trigger a right to "conduct discovery in hopes that evidence of a discriminatory motive may turn up." Id. at 216.

Because plaintiff has not alleged a "causal connection" between his failure to obtain an interview and his age, he has

age and State Street's decision not to interview him. Accordingly, he fails to allege a plausible claim for relief.

Higgins does not claim that State Street hired a younger person with equal or lesser qualifications to fill the positions for which he applied. He does not allege that any State Street employee or agent said or did anything to indicate that defendant discriminated against him based on age. In short, although plaintiff provides his speculative conclusion that State Street based its decisions on his age, he alleges no plausible facts from which a fact-finder could infer that age discrimination occurred.

"It is not enough" to allege that the plaintiff is a member of a protected class and was subject to an adverse employment action. Alicea v. N. Am. Cent. Sch. Bus, LLC, 232 F. Supp. 3d 213, 215 (D. Mass. 2017). Plaintiff protests that defendant has failed to serve the discovery that he believes would demonstrate State Street's discriminatory decision-making. Without a complaint that states a claim that is plausible on its face, however, he is not entitled to such discovery. The mere fact that an older employee was not hired does not trigger a right to "conduct discovery in hopes that evidence of a discriminatory motive may turn up." Id. at 216.

Because plaintiff has not alleged a "causal connection" between his failure to obtain an interview and his age, he has

failed to state a plausible claim upon which relief can be granted.

Defendant's motion to dismiss will be allowed.

### III. **Pro se status and leave to amend**

The First Circuit Court of Appeals has explained that the fact a plaintiff files a complaint pro se "militates in favor of a liberal reading." See Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000). In particular, courts are instructed to endeavor, "within reasonable limits, to guard against the loss of pro se claims due to technical defects." Rodi v. S. New England Sch. Of Law, 389 F.3d 5, 20 (1st Cir. 2004). "At the same time, the Court will not become a drafter of pleadings." Saade v. Sec. Connection Inc., 282 F. Supp. 3d 414, 420 (D. Mass. 2017), reconsideration denied, No. CV 17-10168-NMG, 2018 WL 651324 (D. Mass. Jan. 30, 2018).

Mr. Higgins's complaint fails to allege sufficient facts to state a claim upon which relief can be granted. A district court, however, "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where a movant evinces futility, bad faith, undue delay, or a dilatory motive, amendment is not warranted. See Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995). The Court detects no such misfeasance in plaintiff's complaint. Accordingly, the Court

will grant plaintiff leave to file an amended complaint in an effort to present sufficient plausible factual allegations.

### ORDER

For the foregoing reasons, the motion of defendant to dismiss (Docket No. 10) is **ALLOWED**. Plaintiff is permitted to file an amended complaint, if any, on or before September 17, 2018.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 17, 2018